UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH DIVISION

| | |
|---|---|
| WARREN MAXWELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:19-cv-669 |
| | ) |
| GC SERVICES, LIMITED PARNTERSHIP, | ) |
| | ) |
| Defendant. | ) |

## PLAINTIFF'S COMPLAINT

Plaintiff, WARREN MAXWELL, by and through his attorneys, The Law Firm of Michael Alan Siddons, Esquire, alleges the following against Defendant, GC SERVICES, LIMITED PARTNERSHIP:

### INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 § U.S.C. 1692 et seq. ("FDCPA").

### JURISDICTION AND VENUE

2. This court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337, and 15 U.S.C. § 1692k (FDCPA).

3. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

4. Venue and personal jurisdiction in this District are proper because Defendant does or transacts business within this District, and a material portion of the events at issue occurred in this District.

1

## PARTIES

5. Plaintiff is a natural person residing in the City of Greensburg, Westmoreland County, Commonwealth of Pennsylvania.

6. Plaintiff is a consumer as that term is defined by the FDCPA.

7. Plaintiff allegedly owes a debt as that term is defined by the FDCPA.

8. Defendant is a debt collector as that term is defined by the FDCPA.

9. Within the last year, Defendant attempted to collect a consumer debt from Plaintiff.

10. Defendant is a collection agency based the City of Houston, Harris County, State of Texas.

11. Defendant's business includes, but is not limited to, collecting on unpaid, outstanding account balances.

12. When an unpaid, outstanding account is placed with Defendant it is assigned a file number.

13. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

14. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

15. During the course of its attempts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

16. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

17. Defendant is attempting to collect a consumer debt from allegedly owed by Plaintiff.

18. The alleged debt owed arises from transactions for personal, family, or household purposes.
19. In or around March 2019, Defendant began inundating Plaintiff with collection calls in an attempt to collect the alleged debt.
20. Defendant calls Plaintiff from several numbers, including 210-348-5419, which is one of Defendant's telephone numbers.
21. Defendant calls Plaintiff on his cellular telephone at xxx-xxx-0502 in an attempt to collect the alleged debt.
22. Defendant also leaves voicemail messages for Plaintiff.
23. With regard to the above-referenced voicemail messages:
    a. Defendant failed to disclose that the calls were coming from GC Services, Limited Partnership; and
    b. Defendant failed to disclose that the communication was made in an attempt to collect a debt.
24. Defendant's collectors that called Plaintiff know that the FDCPA requires debt collectors to identify the company's name when placing a telephone call.
25. Defendant's collectors that called Plaintiff know that the FDCPA requires debt collectors to state that the communication is an attempt to collect a debt when placing a collection call.
26. Defendant maintained a Call Detail Search regarding Plaintiff's Account.
27. Defendant maintained an Account Detail Listing regarding Plaintiff's Account.
28. Defendant recorded all of its telephone communications with Plaintiff and Plaintiff's family members regarding the Account.

29. Defendant has in its possession audio recordings made in connection with Defendant's efforts to collect the debt at issue in this matter.

30. Defendant places collection calls to Plaintiff at an annoying and harassing rate.

## GC SERVICES, LIMITED PARTNERSHIP VIOLATED
## THE FAIR DEBT COLLECTION PRACTICES ACT

31. Defendant violated the FDCPA based on the following:

    a. Defendant violated § 1692d of the FDCPA by engaging in conduct that the natural consequence of which was to harass, oppress, and abuse in connection with the collection of an alleged debt when Defendant called Plaintiff at an annoying and harassing rate;

    b. Defendant violated § 1692d(5) of the FDCPA by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number when Defendant called Plaintiff at an annoying and harassing rate;

    c. Defendant violated § 1692d(6) of the FDCPA by placing telephone calls without meaningful disclosure of the caller's identity when Defendant's collectors failed to disclose that the calls were from GC Services, Limited Partnership when leaving voicemail messages for Plaintiff;

    d. Defendant violated § 1692e of the FDCPA by its use of any false, deceptive, or misleading representation or means in connection with the collection of any debt when Defendant's collectors failed to state that the communication was an attempt to collect a debt when leaving voicemail messages for Plaintiff;

    e. Defendant violated § 1692e(10) of the FDCPA by its use of any false, deceptive,

or misleading representation or means in connection with the collection of any debt when Defendant's collectors failed to state that the communication was an attempt to collect a debt when leaving voicemail messages for Plaintiff;

f. Defendant violated § 1692e(11) of the FDCPA when Defendant's collectors failed to state that the communication was an attempt to collect a debt when leaving voicemail messages for Plaintiff; and

g. Defendant violated § 1692f of the FDCPA by its use of unfair or unconscionable means to collect or attempt to collect any debt when Defendant engaged in all of the foregoing misconduct.

WHEREFORE, Plaintiff WARREN MAXWELL, respectfully requests judgment be entered against GC SERVICES, LIMITED PARTNERSHIP, for the following:

a. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 § U.S.C. 1692k;

b. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k; and

c. Any other relief that this Honorable Court deems appropriate.

32. Any other relief that this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED,

June 5, 2019		By:	/s/ Michael A. Siddons
				Michael A. Siddons
				Attorney #89018
				The Law Firm of Michael Alan Siddons, Esquire
				230 N. Monroe Street, PO Box 403
				Media, PA 19063
				Tel: 484-614-6546
				msiddons@siddonslaw.com
				Attorney for Plaintiff

5